IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

DONNELL JONES,

    PLAINTIFF,

V.                                                          CIVIL ACTION NO.

WOODLAND PARTS & SERVICE, INC.,

    DEFENDANT.                                      JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

    1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to 42 U.S.C. § 1981 and 29 U.S.C. 215. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination.

**II.   PARTIES**

    2.   Plaintiff, Donnell Jones, (hereinafter "Jones" or "Plaintiff") is an African-American citizen of the United States, and a resident of Talladega, Talladega County, Alabama. Plaintiff was formerly employed by Defendant. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

1

Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

4. Defendant, Woodland Parts & Service, Inc., (hereinafter "Defendant") is a Domestic Corporation registered and doing business in Talladega, Talladega County, Alabama and is an entity subject to suit under Section 1981. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

### III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on December 13, 2016.

7. Defendant employed Plaintiff at its location at 116 Peters Road in Talladega, Alabama.

8. Although the position announcement indicated that the pay for the position would be $18.00 per hour, Defendant employed Plaintiff in the position of Welder earning only 16.00 per hour.

9. In late December 2016, Plaintiff worked eight hours of overtime during a workweek.

10. When Jones received his paycheck, however, there was no overtime

2

pay.

11. When Jones noticed that his paycheck did not contain the overtime he had earned, he asked Matt Crawford, a manager, about the discrepancy.

12. In response, Crawford said, "My dad didn't catch it."

13. Defendant never paid Plaintiff for the overtime he had worked.

14. At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

15. Defendant terminated Plaintiff on January 27, 2017.

16. During the conversation in which Jones was terminated, Crawford told Plaintiff, "You are a good worker and a good Christian man. I think the world of you, however I do not have enough work to keep you busy. I am going to have to let you go."

17. The next Monday after Defendant terminated Plaintiff's employment, Defendant placed a Caucasian in Plaintiff's former position.

IV. COUNT ONE – Race – 42 U.S.C. § 1981

18. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 17 above.

19. Plaintiff, an African-American is a member of a protected class.

20. Plaintiff was qualified for the position of welder that he held, and, at all times relevant to this complaint, performed his job in a satisfactory manner.

21. Defendant terminated Plaintiff's employment.

22. Less than a week later, Defendant replaced plaintiff with a Caucasian.

23. As a result of Defendant's violation of the 42 U.S.C. § 1981, Plaintiff has suffered loss of pay, benefits, and other compensatory damages.

## V. COUNT TWO–FLSA OVERTIME VIOLATION

24. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-23 above.

25. Plaintiff turned in time sheets showing 48 hours of work performed during a single work week performed for the benefit of Defendant.

26. Despite the fact that Plaintiff worked eight hours of overtime, Defendant failed to pay Plaintiff for the overtime hours that he worked.

27. Since Plaintiff had worked over forty hours in the work week in which these hours were deducted, the deduction of these hours amounted to the denial of overtime in violation of the FLSA.

28. As a result of Defendant's violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## VI. COUNT THREE– FLSA – Retaliation – Termination

29. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-28 above.

30. Defendant intentionally violated the FLSA by failing to pay Plaintiff

4

for overtime hours worked without any basis in fact.

31. During January 2017, Plaintiff met with his supervisor, Matt Crawford, regarding the shortage of overtime hours.

32. During that meeting, Crawford then told Plaintiff that Defendant had failed to catch the fact that he had not been paid overtime.

33. Defendant terminated Plaintiff on January 27, 2017.

34. Defendant retaliated against Plaintiff by terminating Plaintiff's employment because he asked why he had not been paid for all overtime hours worked.

35. Defendant's actions in terminating Plaintiff violated the FLSA.

36. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has suffered loss of pay, benefits, and other compensatory damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Section 1981 and Fair Labor Standards.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate 42 U.S.C. § 1981 and the FLSA.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding him front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, unpaid overtime wages, liquidated damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Woodland Parts & Service, Inc.
c/o Leslie Crawford
Marshall Avenue
Talladega, AL 35160